# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Tao Song<br>202 Calvert Dr. #280<br>Cupertino, CA 95014<br><br>      Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd, Suite 206<br>Toledo, OH 43614<br><br>      Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

1

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around March 3, 2008, Defendant telephoned Plaintiff's place of employment ("POE") and spoke to Plaintiff's Human Resources department ("HR").

10. During this communication, Defendant stressed that is was extremely important for Plaintiff to call Defendant.

11. During this communication, Defendant implied that Defendant was a law firm.

12. During this communication, Defendant provided HR with "case number" for Plaintiff.

13. As a result of this communication, HR contacted Plaintiff and informed Plaintiff of Defendant's communication.

14. On or around March 3, 2008, Defendant telephoned Plaintiff's phone and left a voice message.

15. During this communication, Defendant failed to identify itself as a debt collector.

16. During this communication, Defendant stated that Defendant was "representing a case containing a complaint between Plaintiff, the state of California, and Defendant's client".

17. During this communication, Defendant stated that the case would be "heard as a fraudulent case".

18. On or around March 10, 2008, Defendant telephoned Plaintiff and left another voice message.

19. During this communication, Defendant again failed to identify itself as a debt collector.

20. During this communication, Defendant stated that Defendant was pursuing Plaintiff legally for the original creditor.

21. During this communication, Defendant stated that Defendant "Would like to help Plaintiff at 50%. Either that or get yourself an attorney, Tao."

22. During this communication, Defendant stated that Defendant did not want to contact Plaintiff at work or contact friends and family, and then stated, "We're all grown here".

23. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt and information would be used for that purpose.

## COUNT SEVEN

### Violation of the Fair Debt Collections Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Public Disclosure of a Private Fact

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Human Resources department.

43. The threat of legal action to these parties is highly offensive.

44. The information disclosed is not of legitimate concern to the public.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

47. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

48. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

49. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

50. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

51. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

52. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Bar # 0079315
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: jsh@legalhelpers.com